14-2849-cv
Anderson v. Xerox Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fifteen.

PRESENT: JON O. NEWMAN,
          JOHN M. WALKER, JR.,
          DENNIS JACOBS,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
HERBERT E. ANDERSON,
      Plaintiff-Appellant,

      -v.-                            14-2849-cv

XEROX CORPORATION, LAWRENCE M. BECKER,
Xerox Corporation Plan Administrator,
RETIREMENT INCOME GUARANTEE PLAN
(RIGP),
      Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:         NIRA T. KERMISCH, Law Office of
                           Nira T. Kermisch, Sudbury,
                           Massachusetts.

**FOR APPELLEES:**   MARGARET A. CLEMENS (Pamela S.C. Reynolds, on the brief), Littler Mendelson, P.C., Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Herbert E. Anderson appeals from the judgment of the United States District Court for the Western District of New York (Larimer, J.), granting summary judgment in favor of defendants-appellees Xerox Corporation ("Xerox"), Lawrence M. Becker, and the Retirement Income Guarantee Plan. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We affirm on one of the grounds relied upon by the district court: when Anderson was terminated from employment by Xerox in 2002, he executed an agreement relinquishing "any and all claims of any kind, known or unknown"-- including ERISA claims--arising out of "facts which [had] occurred prior to the date of [the] Release." Joint App'x 41.[1] As consideration, he received a severance payment equal to 26 weeks' salary (totaling approximately $47,000). Such releases are enforceable. Frommert v. Conkright, 535 F.3d 111, 120-23 (2d Cir. 2008), rev'd and remanded on other grounds, 559 U.S. 506 (2010).

As we explained in Frommert, "an individual can waive his or her right to participate in a pension plan governed by ERISA" so long as that waiver "is made knowingly and voluntarily." 535 F.3d at 121 (internal quotation marks omitted). We specifically rejected the principal arguments that Anderson now presses: that the language of the release somehow preserved the ERISA claims at issue, id., and that the payment received was inadequate consideration, id. at 122.

---

[1]   Because we affirm on this basis, we need not consider whether Anderson's claims are also time-barred. Anderson's contempt claim is meritless for the reasons stated by the district court.

Although the release in _Frommert_ was executed after litigation began and the employees unquestionably then knew about the deduction of the "phantom account," the booklet given to Anderson prior to the release gave him sufficient notice that the same type of deduction would be made in calculating his benefit. Joint App'x 65. Anderson argues that he was fraudulently induced into executing the release because it promised that the severance payment would be "in addition to anything of value to which [he was] otherwise entitled," and he was already entitled to receive the benefits payments at issue (without the "phantom account" reduction). But that is precisely the position we rejected in _Frommert_. 535 F.3d at 121 (rejecting argument that "[Xerox] employees [who released claims] were entitled by law not simply to receive some pension benefits, but to have their benefits calculated without any reduction attributable to a phantom account" (quoting _Frommert v. Conkright_, 472 F. Supp. 2d 452, 462 (W.D.N.Y. 2007))).

For the foregoing reasons, and finding no merit in Anderson's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3